**ESTATE CARLTON, INC., Plaintiff**

**v.**

**BETTY PRINGLE, d/b/a SUNBURST SHOP, Defendant**

Civil No. 410-1973

District Court of the Virgin Islands

Div. of St. Croix

January 28, 1975

LEROY MERCER, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

ROBERT H. RUSKIN, ESQ., Christiansted, St. Croix, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

### MEMORANDUM

Plaintiff brought this action in municipal court against defendant charging forcible entry and detainer and seeking restitution of premises and damages. Answering, defendant counterclaimed against plaintiff for compensatory damages in the amount of $250,000 and exemplary damages of $500,000, sums well in excess of the jurisdictional limit of the municipal court. Moreover, defendant demanded trial by jury on her counterclaim. Accordingly, the case was transferred to the district court.

After the docketing of the transferred case in this court at Civil No. 410/1973, plaintiff Betty Pringle filed a separate civil action, this one docketed at Civil No. 74-85, claiming damages for the same occurrences that were pleaded in her counterclaim in No. 410/1973, naming as defendants Estate Carlton, Inc., plaintiff in this suit, together with Irving Maidman, individually, Travel Air Management Corp., and West Indies Hotel Corporation. Again Pringle demanded jury trial.

By order of this Court, the two cases were consolidated for trial. The counterclaim in No. 410/1973, the transferred case, was deemed to have merged into the complaint of the original district court suit No. 74–85. Upon the trial of the causes, the issues raised in plaintiff's complaint and

388

counterclaim were tried to a jury while the forcible entry and detainer and the claim for rent were tried to the Court. Upon consideration of the evidence adduced and the arguments of counsel, I conclude that the complaint of plaintiff, Estate Carlton, Inc., must be dismissed.

 Insofar as the claim for rent allegedly due from Betty Pringle to Estate Carlton, Inc., the latter has offered absolutely no proof tending to show that any rent remains due and unpaid. Defendant Pringle to the contrary testified that she paid her rent regularly and for each and every month as the same fell due and in the amount due. Additionally, she called as a witness a Mrs. Inger Selig who worked at the Estate Carlton as a bookkeeper. This witness testified that she was the person to whom Pringle's rent was actually handed over, that to her knowledge Pringle paid her rent each and every month, and that there has never been a dispute or claim relating to overdue rent. Estate Carlton's claim for rent may find its source in what I deem to be its counsel's faulty interpretation of the terms of the lease respecting rent. The pertinent paragraph reads.

The rent to be paid for the premises shall be TWO THOUSAND FOUR HUNDRED DOLLARS ($2,400.00) per year, payable in equal monthly installments of $200 each, and in addition thereto, the amount, if any, by which eight (8) percent of the Lessee's gross sales should exceed $2,400.00 per year.

Counsel for Estate Carlton misreads this as saying that the lessee was obligated to pay $200 per month plus eight per cent of the difference between the lessee's gross receipt and $2,400. The Court does not so understand the provision. In simple terms, as the Court sees it, the lessee was obligated to pay, each month, $200 or eight per cent of her gross, whichever figure were higher, i.e., it was to be the difference between eight per cent of her gross and $2,400 that was provided for as additional rent.

389

The original complaint filed in the municipal court by Estate Carlton alleged, in its first cause of action that defendant Pringle was unlawfully holding premises to which Estate Carlton was entitled to possession. This contention, it seems, was grounded on the claim of unpaid rent. In the light of what has been said above, that contention must fail.

In its second cause of action, Estate Carlton contends that the lease executed on February 28, 1967, by West Indies Hotel Corporation on the one hand, and Thomas N. Pringle and Betty Pringle on the other, expired on February 1, 1972. Indeed under "Terms and Extension" that lease had indicated that its commencement date was February 1, 1967. In arguing that the lease expired on the date above mentioned, Estate Carlton takes the position that an attempt by Betty Pringle to exercise the option to renew the lease for an additional five years by letter dated November 24, 1970, was ineffective since Thomas Pringle had died the month before and Betty Pringle, on her own, as one of two lessees, was without power or capacity to enforce the renewal for herself alone. However, this argument overlooks the fact that on October 27, 1970, Letters Testamentary were issued by this Court in the Estate of Thomas N. Pringle, deceased, and that Betty Pringle was named executrix. Although her letter of November 24, 1970 does not indicate that she signed the attempted renewal as executrix, it is reasonable so to conclude as it would have been her obligation to preserve the leasehold for the estate. I think it little matters that she did not sign the letter twice, once in her individual capacity and again as executrix. Additionally, it should be mentioned that the Will of Thomas N. Pringle, which was admitted to probate in the Chancery Court of Harrison County, Mississippi, and which was annexed to Betty Pringle's petition for recognition of devisee under Rule 41,

devised and bequeathed all property of decedent, real, personal or mixed, wheresoever located, to Betty Pringle. I conclude, therefore, that the letter of November 24, 1970, addressed to West Indies Hotel Corporation effectively exercised the option under the lease in which Thomas N. Pringle and Betty Pringle had been collectively designated lessees.

On all of the foregoing, it is my conclusion that the option to extend the lease was properly exercised; that Betty Pringle was entitled to the leasehold for the five year extended term commencing on February 1, 1972, and that consequently, Estate Carlton, Inc., was not entitled to have her quit and surrender the premises and could suffer no damages by reason of her holding and occupying the same.